**PLUMSTEAD THEATRE SOCIETY, INC., Appellee,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellant.**

No. 81–7002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 1982.

Decided April 21, 1982.

Steven Frahm, Washington, D. C., argued for appellant; John F. Murray, Acting Asst. U. S. Atty., Washington, D. C., on brief.

William J. Lehrfeld, Washington, D. C., for appellee.

Before GOODWIN and TANG, Circuit Judges, and SOLOMON *, District Judge.

PER CURIAM.

The Commissioner appeals the Tax Court's ruling that Plumstead Theatre Society, Inc. is organized and operated exclusively for charitable and educational purposes under I.R.C. § 501(c), 26 U.S.C. § 501(c)(3), notwithstanding its participation in a limited partnership with investors who would have made a profit if the undertaking had not lost money.

The facts, as stated in 74 T.C. 1324 (September 18, 1980) are substantially as follows:

"Petitioner is a nonprofit corporation formed to promote and foster the performing arts, particularly the theatre. Its initial proposed activities include the presentation of dramatic theatre productions, the formation of a workshop for new American playwrights, and the establishment of a fund to assist the new and established playwrights. Petitioner co-produced a play with the John F. Ken-

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

nedy Center for the Performing Arts, entitled 'First Monday in October.' "

In order to meet its obligations under the agreement with the Kennedy Center regarding the shared capitalization costs of the First Monday in October venture, Plumstead sold a portion of its rights in the production to outside investors through a limited partnership. The limited partners, two individuals and a for-profit corporation, provided capital in exchange for an interest in the profits of First Monday in October.

The Commissioner abandoned at trial his initial argument that Plumstead's net earnings inure to the benefit of private individuals. The issue on appeal is whether the Tax Court erred when it found as a fact that Plumstead is not operated for the benefit of private individuals in violation of 26 C.F.R. § 1.501(c)(3)–1(d)(1)(ii).

The Tax Court's finding was not clearly erroneous. *Thompson v. C.I.R.*, 631 F.2d 642, 646 (9th Cir. 1980), *cert. denied*, 452 U.S. 961, 69 L.Ed. 972, 101 S.Ct. 3110 (1981); *Sibla v. C.I.R.*, 611 F.2d 1260, 1262 (9th Cir. 1980). The private investors were limited partners in the First Monday venture only, not shareholders in or officers or directors of Plumstead itself. The partnership agreement expressly reserved full management control to Plumstead. The arrangement in question was no more indicative of impermissible service of private interests than that approved in *Broadway Theatre League of Lynchburg, Va., Inc. v. United States*, 293 F.Supp. 346 (W.D.Va.1968) (contract with a booking agent under which the agent was paid a percentage of the membership dues did not interfere with the theatre's exempt purposes).

We therefore affirm the Tax Court's conclusion that Plumstead is operated exclusively for charitable and educational purposes within the meaning of § 501(c)(3) and therefore qualifies for tax exempt status.

Affirmed.